IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| STUART J. LERNER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 6:13-cv-03131-SRB |
| | ) | |
| MARK GARNETT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Dismiss Counterclaims and to Drop Arkansas-Missouri Forest Products, LLC ("AMFP") as a Party (Doc. #84). For the reasons stated below, the motion is GRANTED.

**I.     Background**

On April 15, 2015, Defendants filed a timely motion seeking leave to file counterclaims against Plaintiffs Lerner and L&M Ventures and seeking to join AMFP as a counterclaimant pursuant to Fed. R. Civ. P. 13(h). The Court granted leave, and Counterclaimants Mark Garnett, Diann Garnett, and AMFP filed their five counterclaims on June 22, 2015. Plaintiffs filed the instant motion seeking to dismiss the Garnetts' counterclaims for lack of standing and to drop AMFP as a counterclaimant on July 20, 2015. AMFP is not a party to this original suit.

The parties (and some related parties that are not before the Court) have been involved in litigation for years stemming from a failed business relationship. The Garnetts are the sole members of AMFP, a Missouri limited liability company. (Doc. #79, ¶2). AMFP owned 30% of a company called Blue Chip II, of which L&M Ventures was managing member. (Doc. #79, ¶¶11, 75). Central to the counterclaims at issue here is the allegation that Plaintiffs/Counter-

Defendants Lerner and L&M Ventures withheld from production in a prior lawsuit a responsive, relevant document that would have changed the outcome of the lawsuit and thereby caused Counterclaimants' injury.  (Doc. #79, ¶¶10-11).  AMFP was the plaintiff in the prior lawsuit; the Garnetts were not parties.  (Doc. #79, ¶10).  Counter-Defendants argue that the counterclaims, on their face, show that the Garnetts lack standing because the only alleged wrongdoing and resulting injury was directed at AMFP and not the Garnetts personally.  Counter-Defendants further argue that AMFP may not bring counterclaims in this action because AMFP is not a party to this original action.

## II.     Legal Standard

"'[I]f a plaintiff lacks standing, the district court has no subject matter jurisdiction.'" *Young Am. Corp. v. Affiliated Computer Services (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005) (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002)).  "In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citation omitted).  "The standard for a motion to dismiss under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1)."  *Swish v. Nixon*, No. 4:14-CV-2089-CAS, 2015 WL 867650, *2 (E.D. Mo. Feb. 27, 2015) (citations omitted).

In order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citations omitted).  Allegations representing "legal conclusions or 'formulaic recitation of the elements of a cause of action' . . . may be properly set aside."

**2**

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

Counterclaimants base subject matter jurisdiction on diversity of citizenship. (Doc. #79, ¶8). As a result, Counterclaimants must "establish[] standing under both Article III of the United States Constitution *and* the relevant state law." *Western Heritage Ins. Co. v. Love*, 24 F. Supp. 3d 866, 876 (W.D. Mo. 2014). The relevant state law, Mo. Rev. Stat. § 347.069, is dispositive, and the Court need not consider standing under Article III. *See id.* (dismissing counterclaims where some authority existed supporting Article III standing but defendant clearly lacked standing under Missouri law). Mo. Rev. Stat. § 347.069 provides in relevant part, "A member, manager, employee, or agent of a limited liability company is not a proper party to proceedings by or against a limited liability company, except where the object is to enforce such person's right against or duty or liability to the limited liability company."

### III. Discussion

The five counterclaims are: Count I – Fraudulent Misrepresentation/Concealment; Count II – Negligent Misrepresentation/Concealment; Count III – Breach of Fiduciary Duty; Count IV – Equitable Accounting; and Count V – Breach of Blue Chip II's Operating Agreement. All five counterclaims are stated on behalf of the Garnetts and AMFP.

#### a. Counts I and II

Counterclaimants rely upon *Grogan v. Garner*, 806 F.2d 829, 834 (8th Cir. 1986), in support of their position that the Garnetts have standing to bring Counts I and II. (Doc. #87, p. 5). In *Grogan* the Eighth Circuit allowed an individual action for misrepresentation to proceed and stated, "Whether a suit is properly brought as an individual action turns on whether the plaintiff has suffered an injury distinct from one incurred by the corporation." *Id.* The *Grogan*

**3**

court reasoned that the individuals did not seek to redress a "wrong suffered by the corporation" but sought to redress a misrepresentation made to them directly about the value of their shares in the company. *Id.* at 834-36. Here, however, the Garnetts' misrepresentation claims show that the misrepresentation at issue impacted only AMFP, and any impact on the Garnetts was solely in their capacity as members of AMFP and not personally.

Three of the necessary elements the Garnetts must allege to state misrepresentation claims are: 1) a false representation; 2) upon which they relied; 3) and which proximately caused them injury. *See Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 439 (8th Cir. 2013) (outlining the elements of fraudulent misrepresentation). As previously stated, the false representation/concealment upon which Counts I and II are based is that Counter-Defendants withheld from production in a prior lawsuit a responsive, relevant document that would have changed the outcome of the lawsuit. (Doc. #79, ¶43). The Garnetts, however, were not parties to the lawsuit (Doc. #79, ¶10), and the Garnetts do not allege here that they personally relied on the alleged misrepresentation. In Count I the Garnetts allege, "[AMFP] relied on [Counter-Defendants'] false representations. . .[, and] AMFP had a right to rely on . . . [Counter-Defendants'] false representations. . . [.]" (Doc. #79, ¶¶45-46).

Further, the Garnetts do not allege that they personally suffered a proximate injury. The Counterclaimants allege that if the Counter-Defendants had produced the document in question, the Counterclaimants "would have received a verdict in their favor . . . would have received a judgment in their favor . . . and . . . would have avoided unnecessary costs of litigation." (Doc. #79, ¶48). As the Garnetts were not parties in the prior lawsuit, however, they could not have received a verdict or judgment in their favor, and this allegation of proximate injury does not apply to them. Likewise, the allegation that unnecessary litigation costs were incurred does not

4

apply to the Garnetts.  Any time and money that the Garnetts expended in pursuing the prior litigation was done solely in their role as members of AMFP because AMFP was the plaintiff in the case, not the Garnetts.

The Garnetts do not assert a personal right in Counts I and II; they assert a right of AMFP.  Accordingly, the Garnetts' counterclaims in Counts I and II must be dismissed for lack of standing.  *See Cutcliff v. Reuter*, 791 F.3d 875, 881 (8th Cir. 2015) (dismissing appeal for lack of standing brought by member of limited liability company where district court's order applied only to limited liability company and member was not aggrieved by order personally); *see also In re Heyl*, 502 B.R. 337, 342 (8th Cir. 2014) ("The limited liability company, not a member, is the proper party to enforce the limited liability company's rights against third parties.").

   b.  **Counts III-V**

Counterclaimants seemingly admit in their opposition that the Garnetts do not have standing to bring Counts III-V.  (Doc. 87, p. 18) ("[AMFP's] claims (Counts III-V) should be tried in this case with the Garnett's and [AMFP's] counterclaims (Counts I and II) because they arise out of the same series of transactions involving the parties' long and attenuated business relationships. . . [.]")  Even so, a review of Counts III-V shows that the Garnetts lack standing to bring the counterclaims, which belong only to AMFP.

"To prove a breach of fiduciary duty under Missouri law, a plaintiff must establish, among other elements, that a fiduciary duty existed and was breached."  *Wivell v. Wells Fargo Bank, N.A.* 773 F.3d 887, 894 (8th Cir. 2014) (citation omitted).  Counterclaimants allege in Count III, "Stuart J. Lerner's company, L&M Ventures, as managing member of Blue Chip II, owed a fiduciary duty to Blue Chip II's member, including [AMFP]."  (Doc. #79, ¶75).  The

5

Garnetts do not allege that a fiduciary duty was owed to them personally.  As a result, the Garnetts lack standing to bring Count III.

A right to an equitable accounting is dependent upon the existence of a fiduciary relationship between the parties.  *Cook v. Martin*, 71 S.W.3d 677, 679 (Mo. App. W.D. 2002).  Counterclaimants allege in Count IV, "A fiduciary duty exists between L&M Ventures, the managing member of Blue Chip II, and Blue Chip II's members, including [AMFP]."  (Doc. #79, ¶84).  The Garnetts do not allege that a fiduciary duty was owed to them personally.  As a result, the Garnetts lack standing to bring Count IV.

To succeed on their breach of contract claim, the Garnetts must prove the existence of an agreement between them and Counter-Defendants.  *See Evans v. Werle*, 31 S.W.3d 489, 493 (Mo. Ct. App. 2000) (citation omitted) ("In order to make a submissible case on a claim of breach of contract, the party alleging breach must prove: (1) the existence of a valid contract . . . [.]").  The Garnetts do not allege that any such agreement existed.  They allege, "Blue Chip II's Operating Agreement (Ex. B) specifies the rights and obligations of each member, including the managing member, L&M Ventures."  (Doc. #79, ¶89).  Again, the Garnetts were not members of Blue Chip, II; rather, AMFP was a 30% owner/member.  (Doc. #79, ¶11).  Further, the Garnetts allege, "[AMFP] suffered substantial monetary damages.  As a result, [AMFP's] owners, Mark and Diann Garnett, suffered substantial monetary damages."  (Doc. #79, ¶93).  The Garnetts do not have standing to state claims that belong to AMFP pursuant to Mo. Rev. Stat. § 347.069, and the Garnetts' counterclaim in Count V is dismissed.

### IV. Conclusion

The Garnetts lack standing to bring any of the five counterclaims, which on their face belong to AMFP.  AMFP is only a party to this action as a result of joining in counterclaims

stated by the Garnetts.  As those counterclaims are now dismissed, AMFP is dropped pursuant to Fed. R. Civ. P. 21.  Should AMFP file its claims in a separate action, AMFP can raise the issue of consolidation at that time.  Accordingly, it is hereby ORDERED that Plaintiffs' Motion to Dismiss Counterclaims and to Drop Arkansas-Missouri Forest Products, LLC ("AMFP") as a Party (Doc. #84) is GRANTED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  September 10, 2015